UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIE C. FORTUNE, )
       Petitioner, )
) Civil Action No. 11-40012-RWZ
       v. )
)
UNITED STATES OF AMERICA, )
       Respondent. )

## MEMORANDUM AND ORDER

ZOBEL, D.J.

On January 7, 2011, Petitioner Willie C. Fortune ("Fortune"), now a prisoner at FMC Devens in Ayer, Massachusetts, filed a self-prepared petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Missouri (Kansas City). See Fortune v. United States, Civil Action No. 4:11-cv-0037-GAF. On January 13, 2011, District Judge Gary A. Fenner provisionally granted Fortune's Motion for Leave to Proceed *in forma pauperis* and Ordered the petition transferred to the District of Massachusetts, as the Court having jurisdiction over Fortune's immediate custodian.

In this habeas petition, Fortune challenges his 77-month criminal sentence imposed on October 24, 2007, after he pled guilty to being a felon in possession of a firearm. See United States v. Fortune, Criminal No. 4:07-cr-00137-HFS-1 (Western District of Missouri (Kansas City)). The petition presents three grounds for relief, all based on allegedly improper calculation of his criminal litigation history and resultant longer sentence.

Fortune's relevant post-Judgment litigation is both long and repetitive. This is his 4th or 5th attack on the sentence which has taken the form of three motions under § 2255, one prior petition under § 2241, and one motion to dismiss the

indictment. The only post conviction remedy of which he did not avail himself was a direct appeal from the conviction or sentence. On July 21, 2008, he filed the first Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docket No. 24). See id.; Fortune v. United States, Civil Action No. 08-0530-CV-W-HFS. In that motion, he alleged, *inter alia*, ineffective assistance of counsel with respect to sentencing issues. Thereafter, on August 3, 2009, he filed another Motion under 28 U.S.C. § 2255 (Docket No. 27). See id. In that motion, he challenged the enhancement for possession of a firearm in connection with drug possession, his criminal history calculation, and the denial of access to the drug treatment program.

On August 5, 2009, District Judge Howard F. Sachs denied Fortune's § 2255 motion and a request for a certificate of appealability. Fortune then requested a certificate of appealability from the United States Court of Appeals for the Eighth Circuit, and filed an appeal from the denial of his § 2255 motion. On February 8, 2010 the Court declined to grant the certificate and his appeal was dismissed. See Mandate (Apr. 7. 2010) (dismissing appeal of the dismissal of § 2255 motion), Fortune v. United States, No. 09-3174 (8th Cir. 2009).

Thereafter, while Fortune was incarcerated in Forrest, Arkansas, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Arkansas. See Fortune v. United States, Civil Action No. 2:10-cv-00177-JMM (Docket No. 2). Again, he attacked his sentence on the same grounds previously asserted and he again claimed ineffective assistance of counsel. The action was dismissed without prejudice for failure to pay the filing fee as directed.

Undeterred, on December 27, 2010, Fortune filed a Motion to Dismiss Indictment in his criminal case in the Western District of Missouri. See United States v. Fortune, Criminal No. 4:07-cr-00137-HFS-1 (Docket No. 37), and on January 11, 2011, yet another § 2255 motion (Docket No. 39).

## DISCUSSION

As Fortune's litigation history bears out, he has made several unsuccessful attempts at § 2255 relief (in various forms). Now, since § 2255 relief is no longer available to him, he seeks to assert yet another challenge to his sentence, this time through a § 2241 habeas petition, presumably under the aegis of the "savings clause" of § 2255.[1] Fortune's latest attempt is also unavailing. It is well settled that a petitioner like Fortune, who has exhausted his § 2255 avenues, cannot use the savings clause to circumvent the restrictions of § 2255 (such as the restriction on filing second and successive motions absent permission of the appellate court, and/or the time restrictions on filing a § 2255 motion) by filing a habeas petition under § 2241. See United States v. Barrett, 178 F.3d 34 at 50-52 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000) (permitting a petitioner to evade the restrictions of §

---

[1]The savings clause states, in relevant part:

An application for a writ of habeas corpus...shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of detention</u>.

28 U.S.C. § 2255(e) (emphasis added).

2255 by resorting to § 2241 would render those restrictions meaningless).

Simply put, Fortune may not obtain § 2241 habeas relief because he has presented no circumstances from which this Court could reasonably conclude that § 2255 is an inadequate or ineffective remedy to test the legality of his detention. This is particularly evident where he has made several prior attempts for relief from his sentence (directly or indirectly), and where he presents no claim of actual (factual) innocence.[2]

## CONCLUSION

Based on the foregoing, it is hereby Ordered that Fortune's request for habeas relief under 28 U.S.C. § 2241 is DENIED and this action is DISMISSED in its entirety.

---

[2]See Glacken v. Dickhaut, 585 F.3d 547, 550 (1st Cir. 2009) ("The default may be excused only if the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or else demonstrate that the failure to consider the claim will result in a fundamental miscarriage of justice" and noting that the miscarriage of justice exception is a "'narrow exception to the cause and prejudice imperative seldom to be used, and explicitly tied to a showing of actual innocence.'" quoting Burks v. Dubois, 55 F.3d 712 (1st Cir.1995)). Although the United States Court of Appeals for the First Circuit has not fully defined all of the circumstances that might allow a federal prisoner to utilize § 2241 to challenge his detention, the savings clause is to be narrowly interpreted and is very limited in scope. It may only be invoked on rare occasions and under the most exceptional circumstances. See Barrett, 178 F.3d at 38. The limited purpose of the savings clause is to allow a petitioner to make a claim based on "actual innocence" (*i.e.* factual innocence) that would otherwise be barred by § 2255, or where a circuit court's meaning of a statute has been overruled by the Supreme Court. See Charles v. Chandler, 180 F.3d 753 (6th Cir. 1999); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Jaramillo v. Winn, 2002 WL 1424579 (D. Mass. 2002). See also Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000); United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (savings clause does not apply merely because § 2255 relief has already been denied... or because petitioner has been denied permission to file a second or successive § 2255 motion ... or because a second or successive § 2255 motion has been dismissed ... or because the one year statute of limitations expired).

4

A separate Order for Dismissal shall enter.

SO ORDERED.

               <u>/s/ Rya W. Zobel</u>
               RYA W. ZOBEL
               UNITED STATES DISTRICT JUDGE
DATED: February 22, 2011